UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Criminal Case No. 18-30021-MGM |
| v. | |
| PEDRO COLON-AMADEO, | |
| Defendant. | |

ORDER DENYING THE GOVERNMENT'S
MOTION FOR PRETRIAL DETENTION

Defendant Pedro Colon-Amadeo ("the Defendant" or "Mr. Colon-Amadeo") is charged by indictment with one count of distribution and possession with intent to distribute cocaine base. The government has moved for pre-trial detention, invoking the presumption that applies in drug cases where the potential sentence is ten years or more. 18 U.S.C. § 3142(e)(3)(A). The court held a hearing on the government's motion on June 21, 2018, and, at the conclusion of the hearing, took the government's motion under advisement.

The factors to be considered in determining whether to release a defendant are set forth in 18 U.S.C. § 3142(g) and include the nature and circumstances of the offense charged; the weight of the evidence as to guilt; the history and characteristics of the accused, including family ties, history relating to drug or alcohol abuse, criminal history, record concerning appearances at court proceedings, financial resources and employment; and the nature and seriousness of the danger to any person or the community that would be posed by a release. *See* 18 U.S.C. § 3142(g). The question for the court is whether, in light of these factors, conditions can be

1

imposed that will *reasonably assure* the defendant's future appearances and the safety of the community if he is released pending trial.

The government's reason for moving for pre-trial detention is apparent and carries weight. A federal grand jury has found probable cause to believe that Mr. Colon-Amadeo distributed crack cocaine, an addictive substance that poses danger to the community. He has an open case pending in the Hampden County Superior Court (dating back to 2015) in which he is charged with trafficking in cocaine; conspiracy to violate the drug laws; possession of a firearm without a permit and during the commission of a crime; and possession of ammunition without a firearm i.d.[1] The current charges are based on conduct that allegedly occurred while he was on pretrial release on the state court charges. The government's case in this court is strong. The charge Defendant presently faces in federal court is for street-level distribution. There is a minimum mandatory sentence of five years because the amount charged is some 51 grams. Defendant is not, however, charged with participating in a conspiracy to distribute narcotics or with being responsible for importing significant amounts of drugs into his community.

In terms of his personal characteristics, Mr. Colon-Amadeo is 34 years old. For all intents and purposes, he has no criminal history.[2] He has been married for fourteen years and has two sons, ages 12 and 13. He has lived at his current address in Holyoke for some three years and would return to the family apartment if released. In addition to his wife and children, Defendant has other close relatives living in Holyoke. At the hearing, there was uncontradicted evidence of a history of employment and a job waiting for Mr. Colon-Amadeo if he is released

---

[1] A count in the indictment charging conspiracy to commit murder was dismissed on motion, as was one charge of possession of a firearm without a permit.
[2] In 2009, Defendant, who was at that time licensed to possess a firearm, was charged with improperly storing his firearm. The charge was continued without a finding and dismissed. In 2011, a charge of operating a motor vehicle after license suspension was dismissed.

pending trial.  So far as the court is aware, Defendant does not have a history of alcohol or substance abuse.

Pretrial Services has proposed conditions of release to which Defendant assents.  Taking into account conditions that can be imposed, the court finds that Defendant has rebutted the presumption and that the government has failed to carry its burden of persuasion by a preponderance of the evidence as to the risk of flight.  In addition to Defendant's strong family ties in the community, there is the fact that he has not fled and has appeared in court as required in connection with the existing state court charges.  Defendant is not charged with involvement in a conspiracy to distribute crimes with others and there was no evidence at the detention hearing that he was or is a member of drug distribution organization that has access to significant funding.  The presumption that applies in drug cases involving possible sentences of 10 years or more "reflects Congress's findings that drug traffickers often have the resources and foreign contacts to escape to other countries.  Forfeiture of even a large bond may be just a cost of doing business, and hence drug traffickers pose special flight risks." *U.S. v. Palmer-Contreras*, 835 F.2d 15, 17 (1st Cir. 1987).  The government's evidence does not show that Defendant matches this paradigm.  Defendant's attorney in this court also represents him on the state court charges.  Counsel represented that Defendant has remained in the community and appeared in court notwithstanding a twelve-year minimum mandatory sentence attached to the state court charges.  In these circumstances, the court is not persuaded that the prospect of a 5-year minimum mandatory sentence appreciably increases the risk of flight.

The court further finds that Defendant has rebutted the presumption as to danger to the community and that the government has not shown by clear and convincing evidence that there are no conditions of release that will reasonably assure the safety of the community if Defendant

3

is released pending trial. At the age of 34, Defendant has virtually no criminal history. He has a family that he supports, a stable residence, and a history of employment. The government's argument for detention rests almost entirely on the fact that there is probable cause to believe that Defendant distributed crack cocaine while on pretrial release on state court charges. From this premise, the government contends that the court should conclude that there are no conditions that will reasonably assure that Defendant will not continue to distribute drugs if he is released pending trial by this court. "The Supreme Court, in *United States v. Salerno*, 481, U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that '[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.'" *U.S. v. Say*, 233 F. Supp. 2d 221, 223 (D. Mass. 2002). Cases in which a district court has relied on the risk of repeated drug distribution as a basis for a finding of dangerousness generally are distinguishable by the scale and organized nature of the conduct in which the defendant is alleged to have engaged. *See, e.g., U.S. v. Cidraz-Santiago*, 18 F. Supp. 3d 124, 129 (D.P.R. 2014) (defendant was allegedly responsible for operating drug checkpoints in housing projects); *U.S. v. Rodriguez-Romero*, 18 F. Supp. 3d 116, 123 (D.P.R. 2014) (defendant was growing marijuana and had three loaded firearms and a bullet-proof vest in the house occupied by his minor children).

The Probation Department has recommended release on conditions. The court takes into account that Defendant, now facing prosecutions in state and federal court, and under intensive supervision by a federal Pretrial Services Officer, will recognize that it is in his own self-interest to conform his conduct to the court's expectations. Based on the street-level nature of the criminal conduct alleged in the indictment, Mr. Colon-Amadeo's personal background, including strong ties to the community and no criminal history, the court concludes that the defendant has rebutted the presumption of pretrial detention and that there are conditions of supervised release

4

that will reasonably ensure the safety of other persons and the community if he is released pending trial. A form of conditions of release for Mr. Colon-Amadeo is attached hereto as exhibit 1.

<table>
<tr><td></td><td>/s/ Katherine A. Robertson<br>KATHERINE A. ROBERTSON</td></tr>
<tr><td>Dated: June 22, 2018</td><td>United States Magistrate Judge</td></tr>
</table>